**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 01-80583
HON. LAWRENCE P. ZATKOFF

v.

ELIZABETH BROWN

    Defendant.
_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 6, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Defendant previously pled guilty in this Court to a violation of 18 U.S.C. § 371 (conspiracy to commit federal crimes). Defendant was sentenced to 180 days home confinement and three years probation. This matter is now before the Court on Defendant's guilty plea to a supervised release violation. For the reasons set forth below, Defendant is sentenced to thirty (30) months imprisonment, to be served consecutively to her state sentence.

**II. ANALYSIS**

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court has thoroughly considered all of the factors as they relate to Defendant, and will discuss certain of the factors below.

1.  **The Nature and Circumstances of the Offense**

On August 21, 2003, while Defendant was absent from the home, Defendant's four-year-old daughter gave Defendant's eighteen-month-old son a bath in scalding hot water, giving him severe burns. Defendant returned home on August 22, 2003. Defendant put some ointment on her burned son and again left home, leaving her twelve-year-old niece in charge. Defendant did not seek medical treatment for her son. Defendant was charged with murder by the Wayne County Prosecutor, and pled guilty to involuntary manslaughter.

2.  **The History and Characteristics of the Defendant**

Defendant had a troubled upbringing; she was physically and verbally abused by her mother, who was addicted to crack cocaine. Defendant was abused by her uncle and cousin, and by fellow students while in high school. Defendant has attempted suicide on two previous occasions. In 2000 Defendant pled guilty to false pretenses, after attempting to make a purchase with a fraudulent credit card. She was sentenced to twelve months probation. In 2001 Defendant pled guilty to retail fraud, and was sentenced to nine days custody and twelve months of non-reporting probation. Also in 2001, Defendant pled guilty to possession and use of a fraudulent transaction device for using fraudulently obtained credit cards.

3.  **The Seriousness of the Offense**

The instant offense was extremely serious; because of Defendant's actions her son suffered an excruciatingly painful death. The seriousness of the offense warrants a significant sentence of imprisonment.

4.  **Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

On many previous occasions Defendant was shown leniency by the courts, yet continues to

engage in irresponsible and criminal behavior. The previous leniency Defendant has received from the courts appears to not have created respect for the law, nor deterred her from additional criminal conduct. Thus, a significant sentence is necessary to promote respect for the law and deter Defendant from engaging in criminal conduct.

**6.  Protect the Public From Further Crimes of the Defendant**

As a result of Defendant's conduct, an eighteen-month-old child suffered an excruciatingly painful death. A significant sentence is necessary to protect the public from further crimes of Defendant.

**7.  Guideline Range**

The guideline range for the instant offense is twelve to eighteen months. However, for the reasons stated above and below, the Court finds an above-guideline sentence is necessary in this case.

**8.  Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Based on Defendant's troubled history, the Court finds that she would benefit from intensive counseling. A significant term of imprisonment will enable Defendant to receive the disciplined treatment program that she requires.

**9.  Policy Statements Issued by the Sentencing Commission**

Application note four of sentencing guideline 7B1.4 states that: "Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." The guideline range for Defendant's

underlying offense was 10-16 months. The Court granted the government's motion for a downward departure, and sentenced Defendant to 180 days home confinement and three years probation. The facts of this case warrant an upward departure.

## II. CONCLUSION

For all the above reasons, the Court finds that an above-guideline sentence is necessary in this case. The Court sentences Defendant to thirty (30) months imprisonment, to be served consecutively to Defendant's state sentence.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: June 6, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 6, 2007.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290